IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREA SAWYER, | : | Criminal Action No. |
| | : | 5:98-CR-67(HL) |
| Defendant. | : | |
| | : | |

# ORDER

Defendant Andrea Sawyer, proceeding pro se, has filed a Motion for Credit for Time Served (Doc. 25). In her Motion, Sawyer requests that this Court credit toward her sentence the 45 days she spent in jail before posting bond. For the following reasons, the Motion is dismissed.

The governing statute in this case is 18 U.S.C. § 3585, which reads:

> (b)   CREDIT FOR PRIOR CUSTODY. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1)   as a result of the offense for which the sentence was imposed; or
>
> (2)   as a result of any other charge for which the defendant was arrested after commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

In <u>United States v. Wilson</u>, 503 U.S. 329, 333-335 (1992), the Supreme Court

1

held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing. A prisoner seeking credit against her sentence for time in custody must first exhaust Bureau of Prison administrative remedies. United States v. Lucas, 898 F.2d 1554, 1555-1556 (11th Cir.1990) (per curiam). "The Bureau [of Prisons] has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment." Id.; see 28 C.F.R. §§ 542.10-.19. These regulations "set out the procedures that prisoners must pursue prior to seeking relief in a district court." Lucas, 898 F.2d at 1556.

In this case, Defendant has chosen the wrong avenue for requesting credit toward her federal sentence. The Bureau of Prisons, not this Court, makes that determination. If Defendant is dissatisfied with the Bureau of Prisons's computation of her sentence, then she must first pursue her administrative remedies with the Bureau. Only after she has exhausted those administrative remedies may she seek review of the Bureau's decision by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). Defendant's Motion for Release from Custody is therefore dismissed.

**SO ORDERED**, this the 6th day of August, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc